UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10989 WGY

MAGISTRATE JUDGE Alexander

SAFECO INSURANCE COMPANIES,

    Plaintiff,

v.

NEW ENGLAND FOUNDATION
COMPANY, INC., PATRICK A. O'NEILL,
and PATRICIA E. O'NEILL,

    Defendants.

CIVIL ACTION NO.

RECEIPT # 56005
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. E.O.M
DATE 5-18-04

## COMPLAINT

The Plaintiff, Safeco Insurance Companies ("Safeco" or "Surety"), states and alleges for a cause of action against the Defendants as follows:

### PARTIES

1.   The Plaintiff, Safeco, is a Washington corporation authorized to do business and issue surety bonds in Massachusetts, among others, with a principal place of business at 2800 W. Higgins Road, Hoffman Estates, Illinois 60195.

2.   The Defendant, New England Foundation Company, Inc., ("New England") upon information and belief, is a Massachusetts corporation with a principal place of business at 77 Federal Avenue, Quincy, Massachusetts 02169.

3.   The Defendant, Patrick A. O'Neill, upon information and belief, resides at 20 Fair Oaks Lane, Cohasset, Plymouth County, Massachusetts.

4.   The Defendant, Patricia E. O'Neill, upon information and belief, resides at 20 Fair Oaks Lane, Cohasset, Plymouth County, Massachusetts.

## JURISDICTION

5.  Jurisdiction is founded on diversity of citizenship and amount in controversy. The matter in controversy exceeds, exclusive of interest, the sum of $75,000.00

## BACKGROUND

6.  At all times relevant to this action, Safeco has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

7.  On or about June 17, 1997, New England, Patrick A. O'Neill and Patricia E. O'Neill (hereinafter collectively referred to as "Defendants" or "Indemnitors") executed an agreement of indemnity (the "Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit A and incorporated herein by reference.

8.  The Indemnity Agreement provides that the Indemnitors "agree to pay to the Surety all loss, costs, damages, and expenses of whatsoever kind and nature, including court costs, reasonable attorneys' fees (whether Surety at is sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned."

9.  As a direct and proximate result of the Indemnitors executing the Indemnity Agreement, and in reliance thereon, Safeco, as surety, executed a payment and performance bond (Bond No. 6192455) (the "Bond") at the request and on behalf of New England, as Principal, to secure the performance of New England on the project known as the RI-DOT Contract No. 2002-CB-097 Drill Shafts on Washington Bridge (the "Project").

10. The project was in its final stage of completion when the Principal and Indemnitors acknowledge that the Principal was (a) financially unable to perform or complete the performance of the contract; (b) that subcontractors and suppliers of labor and/or materials with respect to the contract and project had not been paid; and (c) as a result of a and b above, the Principal requested financing by the surety to complete the bonded contract.

11. As a direct and proximate result of the foregoing claims on the bond, Safeco sustained losses in excess of $1.4 million in performing its obligation under the bond and may sustain future losses in the form of consultant fees, attorneys' fees and other expenses.

## COUNT I - INDEMNITY

12. Safeco repeats and incorporates by reference the allegations contained in paragraphs 1 through 12 as if set forth at length here.

13. As a direct result of Safeco's execution of the Bond on behalf of its principal, New England, and at the request of the Defendants, and based on performance and payment bond claims related thereto, Safeco is sustaining losses in the investigation, defense, and payment of same, and anticipates sustaining further losses in prosecuting this action.

14. Pursuant to the express terms of the Indemnity Agreement, the Defendants are required to hold Safeco harmless from all losses, costs and expenses incurred in connection with the claims on the Bond.

15. As a result, the Defendants are liable, as Indemnitors, to Safeco for all losses, costs, and expenses incurred in relation to any claims on bonds Safeco issued on behalf of New England.

## COUNT II - BREACH OF CONTRACT

16. Safeco repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 as if set forth at length here.

17. The Indemnity Agreement, executed by the Defendants, provides that "In addition, the Undersigned agree to pay to the Surety . . . an amount sufficient to discharge any claim made against Surety on the Bond. This sum ma be used by Surety to pay such claim or be held by Surety as collateral security against loss on any Bond."

18. The Defendants' failure to indemnify Safeco in accordance with the terms of the Indemnity Agreement constitutes a breach of the Indemnity Agreement for which the Defendants are liable.

## COUNT III - SPECIFIC PERFORMANCE

19. Safeco repeats and incorporates by reference the allegations contained in paragraphs 1 through 18 as if set forth at length here.

20. Pursuant to Safeco's common law rights, as well as its rights set forth in the Indemnity Agreement, the Defendants are required to collateralize and hold Safeco harmless from any and all loss, costs or expenses, including attorneys' fees and interest.

21. The Defendants have failed to indemnify Safeco for its losses, costs, expenses and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Safeco Insurance Companies, as surety, requests that this Court enter a Judgment against the Defendants, jointly and severally; (1) requiring the Defendants to

immediately reimburse Safeco for all incurred losses, plus interest, costs, attorneys' fees and any other incurred expense; (2) to provide collateral to Safeco in an amount necessary to properly protect it against any and all claims filed against the bond; and (3) all other relief to which Safeco is entitled.

          Respectfully Submitted,
          By his attorneys,

          Bert J. Capone, BBO#072880
          Paula-Lee Chambers, BBO#566888
          CETRULO & CAPONE, LLP
          Two Seaport Lane, 10th Floor
          Boston, MA 02110
          (617) 217-5500

Dated: May 14, 2004

02630-0004
328463v1