UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. NO. 04-10989-WGY |
| NEW ENGLAND FOUNDATION | ) | |
| COMPANY, INC., PATRICK A. O'NEILL, | ) | |
| and PATRICIA E. O'NEILL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NEW ENGLAND FOUNDATION COMPANY, INC., PATRICK A. O'NEILL, AND
PATRICIA E. O'NEILL'S ANSWER TO COMPLAINT OF SAFECO INSURANCE
COMPANIES' COMPLAINT**

New England Foundation Co., Inc. ("NEFCO"); Patrick A. O'Neill ("Mr. O'Neill"); and

Patricia E. O'Neill ("Mrs. O'Neill", together with NEFCO and Mr. O'Neill the "Defendants")

hereby answer Safeco Insurance Companies' ("SAFECO") Complaint as follows:

**PARTIES**

1.      The Defendants admit that SAFECO is the plaintiff in the above-captioned civil

action.  The Defendants lack sufficient information or knowledge to form a belief as to the truth

of the remaining allegations contained in paragraph 1 of the Complaint and therefore deny such

allegations.

2.      The Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.      The Defendants admit that Mr. O'Neill resides at 20 Fair Oaks Lane, Cohasset,

Norfolk County, Massachusetts.  Except as so answered, the Defendants deny the allegations

contained in paragraph 3 of the Complaint.

4.      The Defendants admit that Mrs. O'Neill resides at 20 Fair Oaks Lane, Cohasset, Norfolk County, Massachusetts. Except as so answered, the Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION

5.      The Defendants admit that the matter in controversy in this matter exceeds, exclusive of interest, the sum of $75,000.00.  With respect to the remaining allegations in paragraph 5 of the Complaint, the Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, deny such allegations.

## BACKGROUND

6.      The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.      With respect to the allegations contained in paragraph 7 of the Compliant, the Defendants admit that they executed the agreement attached as Exhibit A to the Complaint, which speaks for itself.  Further answering, the Defendants deny that Exhibit A constitutes the entire agreement between the parties.

8.      The Indemnity Agreement speaks for itself.  To the extent that the allegations set forth in paragraph 8 are inconsistent with or vary from the Indemnity Agreement, such allegations are denied.

9.      The Defendants admit that Safeco, as surety, and NEFCO, as principal, executed a payment and performance bond in connection with the Project, which speaks for itself.  Except as so answered, the Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.      The Defendants admit that NEFCO requested additional financing to complete the Project and that in connection with that request for that financing SAFECO required the Defendants to acknowledge in writing that "the Principal was (a) financially unable to perform or compete the performance of the contract; (b) that subcontractors and suppliers of labor and/or

materials with respect to the contract and the project had not been paid; and (c) as a result of a and b above, the principal requested financing by surety to complete the bonded contract." Except as so answered, the Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     The Defendants deny the allegations contained in paragraph 11.

### COUNT I – INDEMNITY

12.     The Defendants restate and incorporate by reference their answers to the allegations contained in paragraphs 1 through 11 of the Complaint, as if they had been fully restated here.

13.     The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     The allegations in paragraph 14 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the Defendants state that the Indemnity Agreement speaks for itself and denies the allegations in paragraph 14 to the extent that they are inconsistent with or vary from the Indemnity Agreement.

15.     The Defendants deny the allegations contained in paragraph 15 of the Complaint.

### COUNT II – BREACH OF CONTRACT

16.     The Defendants restate and incorporate by reference their answers to the allegations contained in paragraphs 1 through 15 of the Complaint, as if they had been fully restated here.

17.     The allegations in paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the Defendants state that the Indemnity Agreement speaks for itself and denies the allegations in paragraph 17 to the extent that they are inconsistent with or vary from the Indemnity Agreement.

18.     The Defendants deny the allegations contained in paragraph 18 of the Complaint.

## COUNT III – SPECIFIC PERFORMANCE

19.     The Defendants restate and incorporate by reference their answers to the allegations contained in paragraphs 1 through 18 of the Complaint, as if they had been fully restated here.

20.     The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny such allegations.

21.     The Defendants deny that they are required to indemnify SAFECO for its losses, costs, expenses and attorneys' fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

22.     SAFECO's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

23.     Having failed to mitigate its damages, SAFECO is barred from any recovery.

### Third Affirmative Defense

24.     Some or all of SAFECO's claims are barred by the doctrine of waiver and estoppel.

### Fourth Affirmative Defense

25.     SAFECO's claims and demands for equitable relief are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

26.     SAFECO's demand for equitable relief should be denied as SAFECO cannot demonstrate the absence of an adequate remedy at law.

BOS1397525.1

### Sixth Affirmative Defense

27.    SAFECO's claims are barred by its own failure to act in good faith.

### JURY DEMAND

The Defendants demand a jury on all issues so triable.

### PRAYERS FOR RELIEF

WHEREFORE, New England Foundation Company, Inc. Patrick A. O'Neill and Patricia

E. O'Neill respectfully request that the Court enter an order:

A.    Dismissing the Complaint and denying all relief sought therein;

B.    Awarding the Defendants their attorneys' fees and costs; and

C.    Granting such other and further relief as is deemed appropriate and just.

                                        NEW ENGLAND FOUNDATION
                                        COMPANY, INC.,
                                        PATRICK A. O'NEILL AND
                                        PATRICIA E. O'NEILL
                                        By their attorneys,


                                        /s/ Francis C. Morrissey
Dated:  July 9, 2004                    John V. Snellings, BBO #548791
                                        Francis C. Morrissey, BBO #567589
                                        Jennifer A. Champlin, BBO #654726
                                        Nixon Peabody LLP
                                        100 Summer Street
                                        Boston, MA  02110
                                        (617) 345-1000  Telephone
                                        (617) 345-1300  Facsimile

### CERTIFICATE OF SERVICE

I, Francis C. Morrissey, hereby certify that on July 9, 2004, I served a copy of the above
Answer on counsel to Safeco Insurance Companies, Bert J. Capone, Cetrulo & Capone, LLP,
Two Seaport Lane, 10th Floor, Boston, MA  02210 by telecopier and first-class mail.

                                        /s/ Francis C. Morrissey
                                        Francis C. Morrissey