UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFECO INSURANCE COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND FOUNDATION COMPANY, INC., PATRICK A. O'NEILL, and PATRICIA E. O'NEILL,<br><br>Defendants. | CIVIL ACTION NO. |

## SAFECO INSURANCE COMPANIES' MOTION TO ATTACH THE REAL ESTATE OF DEFENDANTS PATRICK A. O'NEILL AND PATRICIA E. O'NEILL

Now comes the Plaintiff, Safeco Insurance Companies ("Safeco") and hereby move this Honorable Court, pursuant to Fed. R. Civ. P. 64 and Mass. R. Civ. P. 4.1(f), to approve the attachment of all rights, title and interest in any real estate owned by Defendants Patrick A. O'Neill and Patricia E. O'Neill ("Defendants") in Plymouth County, Massachusetts to the value of at least $1.4 million or such other amount as approved by the Court. In particular, Safeco moves to attach the Defendants' property located at 20 Fair Oaks Lane, Cohasset, Massachusetts, Plymouth County Registry of Deeds, Book 459, Page 138.

In support of its Motion, Safeco states the following.

1.   This is a case in which Safeco seeks recovery from the Defendants for indemnity, breach of contract and specific performance for having executed a Performance Bond to the Defendants. See Complaint, copy of which is attached as Exhibit A.

2.   On or about June 17, 1997, the Defendants executed an Agreement of Indemnity ("Indemnity Agreement") with Safeco. See GIA, attached hereto as Exhibit B.

3. The Indemnity Agreement provides that the Indemnitors "agree to pay to the Surety all loss, costs, damages, and expenses of whatsoever kind and nature, including court costs, reasonable attorneys' fees (whether Surety at is sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned."

4. As a direct and proximate result of the foregoing claims on the bond, Safeco sustained losses in excess of $1.4 million in performing its obligation under the bond and may sustain future losses in the form of consultant fees, attorneys' fees and other expenses. See Affidavit of Ann T. Hester, attached hereto as Exhibit C.

5. As a direct result of Safeco's execution of the Bond on behalf of its principal, New England, and at the request of the Defendants, and based on performance and payment bond claims related thereto, Safeco is sustaining losses in the investigation, defense, and payment of same, and anticipates sustaining further losses in prosecuting this action. Exhibit C.

6. General indemnity agreements executed by principal and individual indemnitors in favor of a surety are enforceable in Massachusetts. As the court noted in Hartford Accident and Indemnity Co. v. Millis Roofing and Sheet Metal, 11 Mass. App. Ct. 998, 999 (1981), the broad language of such indemnity agreements "reflects an intention to provide comprehensive reimbursement to the bonding company of money expended by it in connection with claims" against the indemnitor. See also American Employees' Insurance Company v. Horton, 35 Mass. App. Ct. 921, 924 (1993) (allowing surety to recover attorneys' fees and expenses incurred defending claim against oblige).

7.      In light of the Defendants' failure to pay Safeco, there is clearly a substantial likelihood that Safeco will recover a judgment, including interest and costs, in an amount equal to or greater than the amount of the requested attachment.

8.      Safeco is not aware of any liability insurance or other security known or reasonably believed to be available to Safeco to satisfy any portion of the Defendants' debt to Safeco.[1]

9.      There is s substantial risk that Safeco will be immediately and irreparably harmed if an attachment on the O'Neills' property at 20 Fair Oaks Lane in Cohasset, Massachusetts is not granted as there is a clear danger that the Defendants will attempt to convey or transfer the property to satisfy other creditors.

In further support of Plaintiffs' Motion, it submits the accompanying supporting affidavits and Writ of Attachment.

WHEREFORE, the Plaintiff, Safeco by its counsel, respectfully requests this Honorable Court:

1.      Issue a Writ of Attachment in the amount of $1.4 million; and

2.      Request a Hearing.

---

[1] The Defendant Patrick O'Neill assigned a life insurance policy to Safeco. There is no present value to said life insurance policy.

Respectfully Submitted,<br>
By his attorneys,

_____
Bert J. Capone, BBO#072880
Paula-Lee Chambers, BBO#566888
CETRULO & CAPONE, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110
(617) 217-5500

Dated: October 7, 2004

## CERTIFICATE OF SERVICE

I certify that on October 7th, 2004, I served the following by first class mail on the following:

John V. Snellings, Esquire
Francis C. Morrissey, Esquire
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

_____
Paula-Lee Chambers, BBO# 566888

4

02630-0004
328464v1