UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFECO INSURANCE COMPANIES<br><br>        Plaintiff<br><br>        v.<br><br>NEW ENGLAND FOUNDATION CO., INC.,<br>PATRICK A. O'NEILL and PATRICIA E.<br>O'NEILL,<br><br>        Defendants | C.A. No. 04-10989 |

**OBJECTION OF DEFENDANTS PATRICK A. O'NEILL AND PATRICIA E. O'NEILL TO SAFECO INSURANCE COMPANIES' MOTION TO ATTACH REAL ESTATE**

Defendants Patrick A. O'Neill ("Mr. O'Neill") and Patricia E. O'Neill ("Mrs. O'Neill") (collectively, the "O'Neills"), by their counsel, submit this opposition to Plaintiff Safeco Insurance Companies' ("Safeco") Motion to Attach Real Estate of the O'Neills filed on October 7, 2004 (the "Motion") which seeks to attach their personal residence located at 20 Fair Oaks Lane, Cohasset, Massachusetts (the "Residence") in the amount of "at least $1.4 million dollars". Safeco's Motion should be denied on the grounds that:

- Safeco already has more than sufficient security to satisfy any likely judgment and has not and cannot establish that there is a reasonable likelihood that it will obtain damages against Mr. and Mrs. O'Neill in excess of the substantial security already pledged to it; and

- The record of competent evidence before this Court conclusively demonstrates that Safeco has no reasonable likelihood of obtaining a judgment above and beyond the security already pledged to secure Mr. and Mrs. O'Neill's obligations under the Indemnity Agreement.

In further support of their objection, the O'Neills state as follows:

**FACTUAL BACKGROUND**

1.      Established in 1985 (its predecessor was established in 1913), NEFCO is one of the most venerable foundation construction firms in New England.

2.      In or about June 1997, NEFCO sought a "bonding line" from Safeco, pursuant to which Safeco would provide NEFCO with payment and performance bonds for its various public and private projects. As a condition to obtaining the Bond, Safeco insisted that Mr. O'Neill, who is 80 years old, and his wife, Patricia E. O'Neill, who is 78 years old, execute an indemnity agreement (the "Indemnity Agreement") under which they agreed to indemnify Safeco for certain losses in connection with the Bond.

3.      NEFCO is also party to the Indemnity Agreement and has granted Safeco a security interest on substantially all of its assets to secure its obligations under the Indemnity Agreement. Safeco's security interest on NEFCO's assets is junior only to a lien in favor of Eastern Bank, who provides NEFCO with working capital and equipment financing.

4.      In February 2003, while NEFCO was working on the Project, Mr. O'Neil was diagnosed with duodenal cancer. Treatment of that cancer has required surgery as well as extensive chemo and radiation therapy.

5.      Due to a variety of reasons, including, but not limited to, Mr. O'Neill's illness, NEFCO was unable to complete the Project without financial assistance. Instead of abandoning the Project, NEFCO instead requested that Safeco help finance the completion of the Project.

6.      As a condition of providing the financing necessary to complete the Project, Safeco required Mr. and Mrs. O'Neill as well as NEFCO to execute a Trust Account Agreement.

7.      Pursuant to the Trust Account Agreement, all monies paid to NEFCO in connection with the Project were required to be deposited into a trust account which was controlled by Safeco.

8.      As a condition to providing the financing necessary to complete the Project and mitigate its damages, Safeco also requested that Mr. and Mrs. O'Neill grant it a mortgage on the Residence to secure their obligations under the Indemnity Agreement.

9.      After due consideration, they decided, however, that given their age and health, putting their home at risk was unacceptable.

10.     Instead, to secure that financing, Mr. and Mrs. O'Neill offered to designate Safeco as the sole beneficiary and loss payee on an insurance policy of $1,000,000 on Mr. O'Neill's life and known as Life Insurance Policy Number 00277934, with the Empire General Life Assurance Corporation (the "Policy").  Safeco accepted that counter-offer and pursuant to the terms of the Trust Agreement and Mr. O'Neill designated Safeco as the sole beneficiary and loss payee under the Policy.

11.     The Project is now complete.  Safeco is now owed not more than $1,292,825 in connection with the financing provided to the Project and on claims made on the payment and performance bonds issued in connection with the Project.  In addition, Safeco will shortly be paid not less than $62,240 in retainage in connection with the Project.  Furthermore, NEFCO has formally submitted not less than $563,800 in change order requests in connection with: (a) obstructions; (b) movement of grillage; and (c) dropped reinforcing cages at the Project. Based on its past experience with change order requests at the Project and other projects, NEFCO conservatively estimates that it will soon recover not less than $400,000 in connection with these requests.  Finally, NEFCO will shortly prosecute a "differing site conditions" claim in connection with the Project and expects that the recovery on that claim will be in excess of the entire amount now due to Safeco.

BOS1430571.2

# ARGUMENT

    A.    Safeco already has more than sufficient security to satisfy any likely judgment and has not and cannot establish that there is a reasonable likelihood that it will obtain damages against Mr. and Mrs. O'Neill in excess of the substantial security already pledged to it.

    1.    Pursuant to Fed. R. Civ. P. 64, the remedy of attachment is available "under the circumstances and in the manner provided by the law of the state in which the district court is held." In Massachusetts, the substantive standard and procedure governing attachments are contained in Rule 4.1 of the Massachusetts Rules of Civil Procedure which provides that an order approving attachment may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy judgment. Mass. R. Civ. P. 4.1(c), see also Hamilton v. Arnold, 135 F. Supp. 2d 99, 103 (D. Mass. 2001) (setting forth the standard for attachments under Massachusetts law). That rule also requires the movant to submit affidavits setting forth "specific facts sufficient to warrant the required findings" based upon the affiant's own knowledge, information or belief. Mass. R. Civ. P. 4.1(c) & (h).

    2.    Conspicuously absent from Safeco's motion is any discussion of the substantial security that Mr. and Mrs. O'Neill have already provided it to secure their obligations under the Indemnity Agreement. Specifically, Safeco already has a security interest, junior only to Eastern Bank, in all of NEFCO's assets, including receivables. Furthermore, pursuant to the Trust Agreement all contract funds due to NEFCO are deposited in a trust account which is controlled by Safeco. Finally, and more importantly, Mr. O'Neill, an 80-year old man with cancer, has already irrevocably designated Safeco as the sole beneficiary and loss payee of his life insurance

policy the proceeds of which will be not less than $1,000,000.  Safeco's failure to mention this substantial security and to address or explain why it needs yet additional security is inexcusable.  Having offered the Court no justification for security beyond the Policy and its security interest in substantially all of NEFCO's assets, Safeco's request for yet additional security must be denied.

      3.      Furthermore, Safeco has failed to meet its burden of demonstrating that it has a "reasonable likelihood" that it will recover damages of $1.4 million over and above the substantial security that has already been pledged to secure Mr. and Mrs. O'Neill's obligations under the Indemnity Agreement.  Contrary to Mass. R. Civ. P. 4.1, the Hester Affidavit, which Safeco relies on in support of its request for an attachment, does not set forth specific facts concerning Safeco's out-of-pocket expenditures in connection with the Project, expected payables due in connection with NEFCO's work at the Project or the substantial collateral already pledged to secure Mr. and Mrs. O'Neill's obligations under the Indemnity Agreement.  Instead, the Hester Affidavit merely recites that "Safeco has sustained losses in excess of $1.4 million" without any detail concerning how those losses were incurred or calculated.  Such a conclusory, unsupported statements is insufficient, as a matter of law, to justify the extraordinary relief that Safeco is seeking and Safeco's failure to come forward with any competent evidence in support of that relief requires that Safeco's request for an attachment be denied.  Mass. R. Civ. P. 4.1(c), (h); see also Hamilton v. Arnold, 135 F. Supp. 2d 99, 103 (D. Mass. 2001) (party seeking attachment must submit an affidavit setting forth specific facts to warrant a finding that it is likely to prevail on the merits and obtain damages in the necessary amount); 8 James W. Smith and Hiller B. Zobel, Massachusetts Practice – Rules Practice, § 4.1.11 at 107 (1974) ("The burden is on plaintiff to persuade the Court, by affidavits, oral testimony or otherwise that the attachment should proceed.")

    B.    The record of competent evidence before this Court conclusively demonstrates that Safeco has no reasonable likelihood of obtaining a judgment above and beyond the security already pledged to secure Mr. and Mrs. O'Neill's obligations under the Indemnity Agreement.

16.    In contrast with the Hester Affidavit, Mr. O'Neill's Affidavit sets forth specific facts which demonstrate that Safeco will not obtain damages in this action in excess of the substantial security that has already been pledged to secure Mr. and Mrs. O'Neil's obligations under the Indemnity Agreement. Specifically, Safeco is presently owed not more than $1,292,825 in connection with the Project. Furthermore, that amount is likely to be reduced promptly by approximately $462,240 when retainage and outstanding change order requests in connection with the Project are paid. In addition, NEFCO's recovery on it "differing site conditions" is expected to be in excess of the entire amount owed by Safeco. Even without taking into account NEFCO's "differing site conditions" claim, the balance after retainage and expected change order recovering $830,585 ($1,292,825 - $62,240 - $400,000) is more than adequately secured by the $1,000,000 Policy alone. On this undisputed record of competent evidence, Safeco simply cannot as a matter of law demonstrate that it is entitled to additional security and its request for an attachment on the Global Residence should similarly be denied.

WHEREFORE, Mr. and Mrs. O'Neill respectfully request that:

    A.    Safeco's request for an attachment be denied; and

    B.    Such other and further relief as is deemed necessary and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | NEW ENGLAND FOUNDATION COMPANY, INC., PATRICK A. O'NEILL, AND PATRICIA E. O'NEILL, |
|  | By their attorneys, |
| Dated:  October 27, 2004 | /s/ Francis C. Morrissey<br>John V. Snellings (BBO # 548791)<br>Francis C. Morrissey (BBO #567589)<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA  02110<br>Tel: 617-345-1000<br>Fax: 617-345-1300 |

BOS1430571.2

## CERTIFICATE OF SERVICE

  I, Francis C. Morrissey hereby certify that on October 28, 2004 I served a copy of the above objection on counsel to Safeco by telecopier and first class mail.

                /s/ Francis C. Morrissey
                Francis C. Morrissey