UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFECO INSURANCE COMPANIES )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NEW ENGLAND FOUNDATION CO., INC., )<br>PATRICK A. O'NEILL and PATRICIA E. )<br>O'NEILL, )<br>)<br>Defendants ) | C.A. No. 04-10989 |

**AFFIDAVIT OF PATRICK A. O'NEILL**

1. I am the President, Treasurer and Chief Executive Officer of New England Foundation Co., Inc. ("NEFCO"). In that capacity, I am responsible for or have personal knowledge based on the books and records of NEFCO of: (a) all work that NEFCO performed in connection with a project known as RI-Dot Contract No. 2002-CB-097 Drill Shafts on Washington Bridge (the "Project"); and (b) keeping track of and recording (i) all monies due to NEFCO in connection with the Project, including, but not limited, to retainage and change order requests and (ii) all monies expended by SAFECO, as surety in connection with the Project.

2. I submit this affidavit in connection with my opposition to Safeco Insurance Companies' Motion to attach real estate. I made this Affidavit on my own personal, first-hand knowledge, except for statements made on information and belief, in which case, I believe those statements to be true.

3. I am 80 years old and have worked in the construction industry for 59 years.

4. Established in 1985 (its predecessor was established in 1913), NEFCO is one of the most venerable construction firms in New England.

5. In or about June 1997, NEFCO sought a "bonding line" from Safeco, pursuant to which Safeco would provide NEFCO with payment and performance bonds for its various public and private projects. As a condition to obtaining the bonding line, Safeco insisted that myself and my wife, Patricia E. O'Neill (who is 78 years old) execute an indemnity agreement (the "Indemnity Agreement") under which we agreed to indemnify Safeco for certain losses in connection with the bonding line.

6. NEFCO is also party to the Indemnity Agreement and has granted Safeco a security interest on substantially all of its assets to secure its obligations under the Indemnity Agreement. Safeco's security interest on NEFCO's assets is junior only to a lien in favor of Eastern Bank, who provides NEFCO with working capital and equipment financing.

7. In September 2003, while NEFCO was working on the Project, I was diagnosed with duodenal cancer. Treatment of that cancer has required surgery as well as extensive chemo and radiation therapy.

8. Due to a variety of reasons, including my illness, much out of the control of NEFCO, NEFCO was unable to complete the Project without financial assistance. Instead of abandoning the Project, in February 2003, NEFCO instead requested that Safeco finance the completion of the Project.

9. As a condition of providing the financing necessary to complete the Project, in March 2004 Safeco required myself, my wife and NEFCO to execute a Trust Account Agreement. A copy of the Trust Account Agreement is attached as <u>Exhibit A</u>.

10. Pursuant to the Trust Account Agreement, all monies paid to NEFCO in connection with the Project were required to be deposited into a trust account which was controlled by Safeco.

11. As a condition to providing the financing necessary to complete the Project (and thereby mitigate its damages), Safeco requested that I and Mrs. O'Neill grant a mortgage on the residence to secure our obligations under the Indemnity Agreement.

12. After due consideration, we decided, however, that given our age and health, putting our home at risk was unacceptable.

13. Instead, to secure that financing, I offered to designate Safeco as the sole beneficiary and loss payee on an insurance policy of $1,000,000 on my life and known as Life Insurance Policy Number 00277934, with the Empire General Life Assurance Corporation (the "Policy"). Safeco accepted that counter-offer and pursuant to the terms of the Trust Agreement designated Safeco as the sole beneficiary and loss payee under the Policy.

14. The Project is now complete. Based on my review of NEFCO's business records in connection with the Project, I have determined that Safeco is now owed not more than $1,292,825 in connection with the financing provided to the Project and on claims made on the payment and performance bonds issued in connection with the Project. In addition, Safeco will shortly be paid not less than $62,240 in retainage in connection with the Project. Furthermore, NEFCO has formally submitted not less than $563,800 in change order requests in connection with: (a) obstructions; (b) movement of grillage; and (c) dropped reinforcing cages at the Project. Based on its past experience with change order requests at the Project and other projects, NEFCO conservatively estimates that it will soon recover not less than $400,000 in connection with these requests. Finally, NEFCO will shortly prosecute a "differing site conditions" claim in

BOS1430781.1

connection with the Project and expects that the recovery on that claim will be in excess of the entire amount now due to Safeco.

I swear, under the pains and penalties of perjury that the foregoing is true and correct.

Executed this 27th day of October, 2004.

>  /s/ Patrick A. O'Neill
>  Patrick A. O'Neill